# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ORCHARD ON THE GREEN, LLC, | No. 60509-1-II |
| Respondent, | |
| v. | |
| MERVIN HAWKINS and ALL OTHER OCCUPANTS, | PUBLISHED OPINION |
| Appellant. | |

CRUSER, J.—Mervin Hawkins prevailed over his landlord, Orchard on the Green, LLC (Orchard), in an unlawful detainer action because Orchard failed to file suit within 60 days of giving Hawkins a notice to pay or vacate. The trial court awarded Hawkins attorney fees. Hawkins' attorney was appointed by the trial court pursuant to RCW 59.18.640 and compensated by the state via Kitsap Legal Aid Services. Hawkins' trial counsel argues that the trial court erroneously calculated the fee award and that Hawkins is entitled to a larger award under the Residential Landlord-Tenant Act of 1973, ch. 59.18 RCW. Orchard concedes that Hawkins is entitled to a fee award based on the lease and the bilateral fee provision of RCW 4.84.330, but not under the Residential Landlord-Tenant Act.

We hold that Hawkins is entitled to attorney fees pursuant to the terms of his lease, not any provision of the Residential Landlord-Tenant Act. We further conclude that the trial court abused its discretion by awarding fees to Hawkins without conducting a lodestar analysis. We therefore

reverse and remand with instructions for the trial court to calculate a new fee award using the lodestar method.

FACTS

In July 2024, Hawkins received a 30-day notice to pay or vacate his apartment because he had not paid several months' worth of rent. According to Orchard, Hawkins neither paid the amount owed nor vacated the premises. In October 2024, Orchard filed a complaint for unlawful detainer, requesting restitution of the premises, termination of Hawkins' tenancy, a judgment against Hawkins for the amount owed, and attorney fees, among other relief.

The trial court found that Hawkins was indigent and, pursuant to RCW 59.18.640, appointed him counsel at state expense provided by Kitsap Legal Aid Services. In November 2024, Hawkins filed an answer and motion to dismiss claiming that Orchard filed its complaint too late, as more than 60 days had passed between issuing the 30-day notice to pay or vacate and filing the complaint.[1]

After a hearing on Hawkins' motion to dismiss, the trial court dismissed the unlawful detainer action, concluding that Orchard had not timely pursued a remedy within 60 days pursuant to RCW 59.18.190.[2] Hawkins' counsel then moved for an award of $3,465 in attorney fees, claiming that he was entitled to a fee award "under either paragraph 21 of the lease or RCW 59.18.290(2)." Clerk's Papers at 11-12. Orchard opposed Hawkins' motion, arguing that if Hawkins' counsel was entitled to fees, it was pursuant to only RCW 4.84.330 and the terms of the

---

[1] After Hawkins' original appointed attorney filed the motion to dismiss, he withdrew as Hawkins' counsel and Benjamin Ramm substituted in as appointed counsel. Hawkins' new appointed counsel, Mr. Ramm, drafted a reply to Orchard on the motion to dismiss.

[2] This issue is not before us on appeal.

lease agreement. Orchard further argued that if Hawkins' counsel was entitled to fees, he should be compensated at a lower hourly rate and for fewer hours than requested.

The trial court held a hearing on the issue of attorney fees. The trial court believed it could not take Ramm's experience and reputation into account when calculating a fee award and claimed that it was bound to award Ramm the rate that court-appointed counsel is typically compensated, which the trial court determined was $135 per hour.[3] Based on Mr. Ramm's submission that he spent 7.7 hours on the case, the trial court ordered Orchard to pay Ramm $1,039.50 in fees. Neither party raised, nor did the court address, that Ramm was presumably already being compensated for this case from state funds pursuant to the provisions of RCW 59.18.640 and RCW 2.53.050.

Hawkins appeals.

## ANALYSIS

Hawkins asserts that he is entitled to fees under both the Residential Landlord-Tenant Act (RLTA) and the terms of his lease and that the trial court erred in calculating his fee award by using the hourly rate for a court-appointed attorney in Kitsap County. Orchard concedes that the lease entitles Hawkins to a fee award but counters that use of the lodestar method would result in a downward adjustment of Hawkins' fee award.

Based on Orchard's concession that the lease entitles Hawkins to attorney fees, and because Orchard did not cross appeal the trial court's determination that Hawkins was entitled to attorney fees, we hold that Hawkins is entitled to attorney fees. We also hold that the trial court abused its

---

[3] This amount was not identified as the amount Hawkins' counsel was being compensated by Kitsap Legal Aid Services pursuant to his court appointment. No mention was made at the hearing or in the pleadings about how much Hawkins' appointed counsel was paid by Kitsap Legal Aid Services at public expense, or whether he was compensated at an hourly rate or by a flat fee rate.

discretion in failing to employ the lodestar method to calculate fees. Accordingly, we reverse and

remand with instructions for the trial court to recalculate Hawkins' attorney fee award.

## I. AUTHORITY TO AWARD FEES

*A. Legal Principles*

Reasonable attorney fees are recoverable in unlawful detainer cases where authorized by

the RLTA. RCW 59.18.030(27). We review whether a statutory provision authorizes an award of

attorney fees de novo. *Garrand v. Cornett*, 31 Wn. App. 2d 428, 451, 550 P.3d 64 (2024); *Gander*

*v. Yeager*, 167 Wn. App. 638, 646-47, 282 P.3d 1100 (2012). RCW 59.18.030(27) states:

> "Reasonable attorneys' fees," where authorized in this chapter, means an amount
> to be determined including the following factors: The time and labor required, the
> novelty and difficulty of the questions involved, the skill requisite to perform the
> legal service properly, the fee customarily charged in the locality for similar legal
> services, the amount involved and the results obtained, and the experience,
> reputation and ability of the lawyer or lawyers performing the services.

The prevailing party in a landlord-tenant dispute may also recover attorney fees pursuant

to a lease provision. In a lease that provides for unilateral attorney fee or cost recovery by the

landlord against a tenant, "RCW 4.84.330 operates to make the provision bilateral." *Payton v.*

*Nelson*, 28 Wn. App. 2d 719, 728, 525 P.3d 244 (2023). The statute provides that

> [i]n any action on a contract or lease entered into after September 21, 1977, where
> such contract or lease specifically provides that attorneys' fees and costs, which are
> incurred to enforce the provisions of such contract or lease, shall be awarded to one
> of the parties, the prevailing party, whether he or she is the party specified in the
> contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to
> costs and necessary disbursements.

RCW 4.84.330.

*B. Application*

Hawkins' counsel argues that he is entitled to attorney fees under the RLTA. He relies on RCW 59.18.290 as the basis for his entitlement to fees. But Hawkins prevailed under RCW 59.18.*190*, which states:

> Whenever the landlord learns of a breach of RCW 59.18.130 or has accepted performance by the tenant which is at variance with the terms of the rental agreement or rules enforceable after the commencement of the tenancy, he or she may immediately give notice to the tenant to remedy the nonconformance. Said notice shall expire after sixty days unless the landlord pursues any remedy under this chapter.

There is no provision in this section authorizing attorney fees.

Additionally, RCW 59.18.290 does not entitle Hawkins' counsel to fees. This statute prevents a landlord from "remov[ing] or exclud[ing] from the premises the tenant thereof except under a court order so authorizing." RCW 59.18.290(1). The statute provides that a tenant unlawfully removed "may recover the actual damages sustained" and reasonable attorney fees. *Id*. There is no indication in our record that Orchard actually removed or excluded Hawkins from the premises, and Hawkins does not cite any authority suggesting that .290 would entitle the prevailing party to an award of fees if the party merely prevailed under RCW 59.18.190. Where no authorities are cited in support of an argument, we are not required to consider the argument or search out authorities in support of the claim. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Thus, RCW 59.18.290 does not entitle Hawkins to attorney fees. And because

Hawkins is not entitled to fees under the RLTA, the method of calculating fees set forth in RCW 59.18.030(27) is inapplicable here.[4]

Hawkins is, however, entitled to recover fees under the terms of his lease. Orchard conceded below and concedes here that Hawkins is entitled to attorney fees under the terms of the lease, and Orchard did not cross appeal the trial court's determination that Hawkins was entitled to fees.[5] Although the trial court relied on the RLTA to award fees, we may affirm the trial court "on any grounds established by the pleadings and supported by the record." *E. Wind Express, Inc. v. Airborne Freight Corp.*, 95 Wn. App. 98, 102, 974 P.2d 369 (1999) (*citing Gross v. City of Lynnwood*, 90 Wn.2d 395, 401, 583 P.2d 1197 (1978)).

Having concluded that Hawkins may recover attorney fees, we turn to the trial court's method of calculation of fees.

## II. Trial Court's Method of Calculating the Fee Award

*A. Legal Principles*

We review a trial court's fee award for abuse of discretion. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 147, 859 P.2d 1210 (1993). A trial court should use the "lodestar method" to calculate fees when the statute that authorizes fees does not specify the appropriate method of calculation. *In re Disciplinary Proc. Against Dynan*, 152 Wn.2d 601, 617, 98 P.3d 444 (2004); *Mahler v. Szucs*,

---

[4] Hawkins asserts that he was awarded fees at the trial court based on "his lease and RCW 59.18.290," Br. of Appellant at 28, but the trial court dismissed the suit "pursuant to the *Daniels* case," which dealt with RCW 59.18.190. Verbatim Rep. of Proc. (Dec. 13, 2024) at 13; *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 213-14, 528 P.3d 834 (2023). Additionally, Hawkins did not even mention RCW 59.18.290 in his motion to dismiss. Hawkins' mention of .290 only appeared in his motion for fees.

[5] Curiously, neither party included the lease in our record on review. However, we accept Orchard's concession that the lease entitled Hawkins to fees.

135 Wn.2d 398, 433, 957 P.2d 632 (1998). Under the lodestar method, the trial court must undergo a three-step analysis. The trial court first determines whether "counsel expended a reasonable number of hours in securing a successful recovery for the client." *Mahler*, 135 Wn.2d at 434. "[T]his decision requires the court to exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Id.* at 434.

The next step in the lodestar method is to determine a reasonable hourly rate. *Id.* Although the attorney's usual rate is likely reasonable, this amount is not reasonable by default. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983) (plurality opinion). The trial court may adjust the hourly rate based on the following factors: "the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." *Id.* The trial court may also consider the factors listed in RPC 1.5(a) when determining a reasonable hourly rate. *Mahler*, 135 Wn.2d at 433 n.20. Those factors are as follows:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent; and
> (9) the terms of the fee agreement between the lawyer and the client, including whether the fee agreement or confirming writing demonstrates that the client had received a reasonable and fair disclosure of material elements of the fee agreement and of the lawyer's billing practices.

RPC 1.5(a).

The final step of the trial court's lodestar calculation is to multiply the reasonable number of hours spent by the reasonable hourly rate. *Mahler*, 135 Wn.2d at 434. The trial court may further adjust the fee award based on factors that it has not yet considered,[6] but such adjustments "are both discretionary and rare." *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 170 Wn. App. 1, 11, 282 P.3d 146 (2012). "Adjustments to the lodestar are considered under two broad categories: the contingent nature of success, and the quality of work performed." *Bowers*, 100 Wn.2d at 598. An adjustment based on the quality of the work performed happens very infrequently because "in virtually every case the quality of work will be reflected in the reasonable hourly rate." *Id.* at 599.

B. Application

The parties disagree both about the method that the trial court should have used to calculate the fee award and the amount at which it arrived. In addition to his reliance on RCW 59.18.030(27) Hawkins argues that the trial court should conduct a lodestar analysis which, he concedes, is "virtually identical" to the factors set forth in .030(27). Br. of Appellant at 15. Orchard, however, supported the trial court's suggestion that Hawkins' hourly rate should be capped at the rate that Kitsap County would compensate a court-appointed attorney. Orchard cited no apposite authority either below or in this appeal indicating that the trial court must calculate Hawkins' fee award based on the rate of a court-appointed attorney.

The Washington Supreme Court has held that trial courts should use the lodestar method when calculating a fee award,[7] and this court has repeatedly concluded that the lodestar method is appropriate when awarding fees under a provision of a contract or lease. *Loun v. U.S. Bank Nat'l*

---

[6] *Bowers*, 100 Wn.2d at 598.

[7] *Mahler*, 135 Wn.2d at 433.

*Ass'n*, 26 Wn. App. 2d 228, 240-41, 525 P.3d 1280 (2023); *McLelland v. Paxton*, 11 Wn. App. 2d 181, 222-24, 453 P.3d 1 (2019). We therefore hold that the trial court abused its discretion by awarding fees to Hawkins without conducting a lodestar analysis.[8]

Orchard, however, contends that because Orchard's obligation to pay attorney fees in this case stems from a lease provision made bilateral by RCW 4.84.330, rather than the RLTA, the attorney fee award should be limited to fees actually incurred rather than "reasonable" fees. Orchard relies on the following language from the statute:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, *which are incurred* to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

---

[8] Hawkins calls our attention to *Blair v. Washington State University*, 108 Wn.2d 558, 571, 740 P.2d 1379 (1987), in which the supreme court held that a fee award may not be reduced simply because the attorney represents the client pro bono. We have held the same. *Council House, Inc. v. Hawk*, 136 Wn. App. 153, 160, 147 P.3d 1305 (2006); *MOSM, LLC. v. Deegan*, 30 Wn. App. 2d 284, 292, 544 P.3d 591 (2024); *Pendleton Place, LLC. v. Asentista*, 29 Wn. App. 2d 516, 527, 541 P.3d 397 (2024), *abrogated on other grounds by Hous. Auth. of County of King v. Knight*, 4 Wn.3d 324, 563 P.3d 1058 (2025). Although these cases involved pro bono representation rather than court-appointed representation, they are instructive insofar as they clarify that the amount of a fee award does not turn on whether the lawyer acts in the public interest.

And to be clear, counsel for Hawkins clarified during oral argument that the attorney fee award will be a reimbursement to Kitsap Legal Aid Services, the contracting authority that administered the state funds that paid for Hawkins' court-appointed representation. In this way, court appointments pursuant to RCW 59.18.640 are distinct from court appointments in the criminal context. The only context in which attorney fees or costs are payable to a criminal defendant by the opposing party (the State) are when a criminal defendant actually incurs fees and costs in the course of defending themselves in a case in which the trier of fact determined they acted in self-defense or defense of another. *State v. Jones*, 92 Wn. App. 555, 557-566, 964 P.2d 398 (1998); RCW 9A.16.110. There is nothing in the RLTA barring a fee award to a tenant who received court-appointed representation under RCW 59.18.640, nor does RCW 4.84.330, the bilateral fee statute, preclude a reciprocal attorney fee award when provided for in the lease or contract in cases where the tenant is ultimately represented by court appointed counsel. *See* ch. 59.18 RCW.

RCW 4.84.330 (emphasis added).

Based on this language, Orchard argues that it is only required to pay attorney fees at the hourly rate for a court-appointed attorney in Kitsap County because those were the fees actually "incurred." We disagree.

First, the statute's plain language does not support Orchard's argument. Although, as shown above, there is reference to the incurring of fees in relation to enforcing a contract or lease, the statute clearly provides that the prevailing party "shall be entitled to *reasonable* attorneys' fees," not to fees actually incurred. RCW 4.84.330 (emphasis added).

Moreover, as we previously noted, there is no indication that the $135-per-hour rate selected by the trial court was the actual rate that Hawkins' counsel was paid, nor has Orchard provided authority for interpreting RCW 4.84.330 to allow departure from the lodestar method. Additionally, a tenant receiving court-appointed representation pursuant to RCW 59.18.640 does not actually incur *any attorney fees*, whether at the court-appointed rate or otherwise. The legislature, however, made no effort to restrict attorney fee awards that a landlord is obligated to pay a tenant, following a baseless or unsuccessful legal action against the tenant, to tenants who personally incur those fees.

The lodestar method is the correct method of calculating attorney fees in this case and the trial court must perform this analysis on remand.

ATTORNEY FEES ON APPEAL

Hawkins contends that he is entitled to fees on appeal as the prevailing party in the trial court "for the same reasons that he was awarded attorney[ ] fees by the trial court, i.e., his lease and RCW 59.18.290." Br. of Appellant at 28. If a party could recover fees at the trial court, they

may recover fees on appeal. *Landberg v. Carlson*, 108 Wn. App. 749, 758, 33 P.3d 406 (2001); RAP 18.1. As we have concluded that Hawkins is entitled to an award of attorney fees pursuant to his lease, we hold that he is entitled to attorney fees on appeal in an amount to be determined by a commissioner of this court.

CONCLUSION

We reverse the trial court's order on attorney fees and remand with instructions for the trial court to consider Hawkins' fee award anew using the lodestar method.

CRUSER J.

We concur:

GLASGOW J.

PRICE, A.C.J.